IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELIZABETH FRYBERGER                                                                    PLAINTIFF

v.                                         No. 5:16-CV-05224

UNIVERSITY OF ARKANSAS-FAYETTEVILLE;
and BOARD OF TRUSTEES OF THE UNIVERSITY
OF ARKANSAS                                                                           DEFENDANTS

## OPINION AND ORDER

Before the Court are Defendants University of Arkansas-Fayetteville and Board of Trustees of the University of Arkansas's (collectively, "the University") motions to dismiss (Doc. 7) and stay discovery (Doc. 12). The University has filed briefs in support (Docs. 8, 13), and Plaintiff Elizabeth Fryberger has responded (Doc. 11) to the motion to dismiss. Fryberger has not yet filed a response to the motion for stay, but no response is necessary. For the reasons set forth herein, the University's motion to dismiss will be granted in part with respect to Fryberger's Campus SaVE Act claim, and otherwise denied. The University's motion for a stay will also be granted in part as set forth herein.

Fryberger's complaint (Doc. 1) asserts three causes of action. Fryberger alleges unlawful gender discrimination and a hostile educational environment in violation of Title IX and a violation of the Campus SaVE Act. In her response, Fryberger apparently concedes that her Campus SaVE Act claim is subject to dismissal and proposes to amend her complaint to dismiss that claim without prejudice. (Doc. 11, p. 2). The Court will dismiss the Campus SaVE Act claim without prejudice. Fryberger need not file a motion to amend her complaint to omit this claim.

The University argues for dismissal of the Title IX claims on two grounds. First, the University argues that Fryberger's Title IX monetary claims against it are barred by Eleventh

Amendment sovereign immunity.  Second, the University argues that even if sovereign immunity does not bar Fryberger's claims, she has failed to allege facts that are sufficient to state a plausible claim for relief.  The University's motion to stay discovery separately argues that a stay is appropriate because if it has to engage in discovery, it is losing the benefit of sovereign immunity, which protects it from the time and expense of litigation.

The University's sovereign immunity argument appears to the Court to have been resolved, and the University's cited cases calling into question the availability of a damages remedy against a state in an implied right of action appear to pertain to cases where recovery is not under Title IX.  "[A] damages remedy is available for an action brought to enforce Title IX." *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 76 (1992) (holding that monetary damages are included in the remedies set out in 42 U.S.C. § 2000d-7(a)(2)).  Actions brought to enforce Title IX may be brought against a State.  *See* 42 U.S.C. § 2000d-7(a)(1) ("A state shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . title IX."); *see also Crawford v. Davis*, 109 F.3d 1281, 1283 (8th Cir. 1997) ("We note at the outset that Congress has unequivocally expressed its intent to abrogate the states' Eleventh Amendment immunity for Title IX claims.").  Therefore, a damages remedy is available for an action brought against a state to enforce Title IX.  The University's motion to dismiss on the basis of sovereign immunity will be denied.

The University's argument that Fryberger has failed to state a claim is unavailing.  On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court accepts the alleged facts as true and grants all reasonable inferences that can be drawn from those facts in the Plaintiff's favor.  *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012).  Where facts and reasonable inferences "raise a reasonable expectation that discovery will reveal evidence" in support of a

plaintiff's claim, the Court should deny a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2009). Fryberger's arguments in part C of her response (Doc. 11, pp. 6–15) are well taken. The University has not met its burden to show that Fryberger's claimed right to relief is only speculative, or that she cannot recover, and Fryberger has alleged sufficient facts in her complaint to raise a reasonable expectation that discovery will reveal evidence in support of her claims. Dismissal is inappropriate at this stage.

Because the claims against the University are not barred by sovereign immunity, the Court would be inclined to deny the motion for stay. The University has signaled its intent to appeal any decision contrary to its sovereign immunity position, however, and because the Court cannot say that any appeal on the immunity issue would be entirely frivolous, a stay during that appeal is appropriate. *See Goshtasby v. Bd. of Tr. of Univ. of Ill.*, 123 F.3d 427, 428 – 29 (7th Cir. 1997). Therefore, the Court will stay these proceedings. Upon motion of a party notifying the Court that the time for appeal has passed with no appeal having been filed, or upon receipt of the decision of the Court of appeals, the Court will lift the stay.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 7) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as Plaintiff's Campus SaVE Act claim is DISMISSED WITHOUT PREJUDICE. The motion is otherwise DENIED.

IT IS FURTHER ORDERED that Defendants' motion to stay discovery (Doc. 12) is GRANTED, and this case is STAYED.

IT IS SO ORDERED this 22nd day of November, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE