IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ELIZABETH FRYBERGER**             **PLAINTIFF**

v.             No. 5:16-cv-05224 PKH

**UNIVERSITY OF ARKANSAS-
FAYETTEVILLE and BOARD
OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS**             **DEFENDANTS**

## DEFENDANTS' MOTION
## FOR AN EXPEDITED ORDER QUASHING SUBPOENA

For their Motion for an Expedited Order Quashing Subpoena, the Defendants state:

1. The Defendants respectfully request an expedited Order quashing a deposition subpoena that Plaintiff Elizabeth Fryberger has issued (but not served) to attorney Tamla Lewis, who previously represented the Defendants regarding events alleged in Fryberger's Complaint in this Title IX lawsuit.

2. Lewis is an attorney who serves as the Associate Dean for Administration at the University's School of Law.

3. At the time of the matters that are the subject of this lawsuit, however, Lewis served in the University's Office of the General Counsel.

4. As such, Lewis represented the Defendants regarding the purported events alleged in Fryberger's Complaint.

5. The Defendants have in good faith conferred with the Plaintiff in an effort to resolve their dispute concerning whether the Plaintiff may depose Lewis, but the parties have been unable to resolve their disagreement without the intervention of the Court. **Defendants' Exhibit A, attached.**

6. The Plaintiff has issued (but not served) a subpoena to Lewis to testify during a deposition on March 29, which is the discovery deadline. **Defendants' Exhibit B, attached.**

7. Counsel for the Plaintiff has indicated that he intends to depose Lewis about two matters: (1) a letter signed by Lewis when she was a member of the University's Office of the General Counsel in response to an inquiry by Fryberger's advocate (an attorney named Laura Dunn) about a document issued by the University concerning the student disciplinary appeal submitted by the individual whom the University found responsible for sexually assaulting Fryberger; and (2) purported "discussions of November 14th and 17th related to Ms. Fryberger's request for accommodations that were under consideration" by the University after the assault. **Defendants' Exhibit A.**

8. Because Fryberger fails a three-prong test established by the United States Court of Appeals for the Eighth Circuit for determining whether a litigant may depose the other side's attorney, she should be prohibited from deposing attorney Lewis. First, Fryberger cannot show that no other means exist to obtain the information that she seeks than to depose Lewis. Second, Fryberger cannot show that the information sought is relevant and nonprivileged. Third, Fryberger cannot show that the information is crucial to the preparation of the case.

9. The Plaintiff fails the first prong regarding the letter signed by attorney Lewis because the Plaintiff offered it into evidence without objection during the evidentiary deposition of Laura Dunn. *See* **Defendants' Exhibit C, attached under seal.** (Plaintiff's counsel has indicated an intention to introduce testimony from Dunn, who resides out of state, during any trial of this matter thus the Plaintiff's need for the evidentiary deposition.)

10. The Plaintiff fails the first prong regarding the purported discussions because the Defendants have agreed to produce four witnesses for depositions during the week of March 25,

and the Plaintiff will have an opportunity to ask them about the purported discussions. Discovery exchanged with Plaintiff makes clear that among the witnesses scheduled are individuals with substantial knowledge and involvement in responding to requests for accommodations made by Plaintiff, and who are not attorneys.

11. The Plaintiff fails the second prong regarding the letter and the purported discussions because the information possessed by Lewis is not relevant, constitutes work product, and is protected by the attorney-client privilege.

12. Lewis' rationale underlying the comments that she made in the letter is work product. Similarly, Lewis' thoughts and legal opinions about any discussions related to any requests by Fryberger for accommodations are work product.

13. Although Plaintiff's counsel has stated that he does not intend to ask Lewis about any communications that she had with the Defendants, he cannot question her about any alleged discussions that she had with the Defendants about the letter or related matters without asking her to violate the attorney-client privilege.

14. Moreover, Lewis' thoughts, opinions, and communications about these matters are not relevant. Lewis' letter speaks for itself, and Fryberger received the accommodations that she received regardless of what Lewis did or did not discuss with her clients.

15. The Plaintiff fails the third prong regarding the letter because the Defendants did not object to the letter's introduction when the Plaintiff offered it into evidence during Dunn's evidentiary deposition. In addition, and more importantly, the issue in this case is not whether the legal analysis contained in the letter is correct. The issue is whether the Defendants were deliberately indifferent. Accordingly, information possessed by Lewis about the letter is not crucial to the Plaintiff's case.

16. The Plaintiff fails the third prong regarding the purported discussions because she may ask questions of other deponents about any such discussions during the upcoming depositions (so long as those questions do not violate the privilege).

17. A brief has been filed in support of this motion.

WHEREFORE, Defendants respectfully request that the Court enter an expedited order quashing the subpoena and prohibiting Fryberger from deposing Tamla Lewis.

Respectfully submitted,

University of Arkansas Office
of the General Counsel

By:   /s/ C. Joseph Cordi, Jr.
Arkansas Bar No. 91225
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Telephone: (479) 575-5401
Facsimile: (479) 575-5046
joecordi@uark.edu

Counsel for Defendants University of
Arkansas-Fayetteville, and Board of
Trustees of the University of Arkansas