UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELIZABETH FRYBERGER                                                    PLAINTIFF

v.                              No. 5:16-CV-05224

UNIVERSITY OF ARKANSAS-FAYETTEVILLE;
and BOARD OF TRUSTEES OF THE UNIVERSITY
OF ARKANSAS                                                            DEFENDANTS

### OPINION AND ORDER

Before the Court is Defendants' emergency motion (Doc. 36) to quash a subpoena issued

by Plaintiff Elizabeth Fryberger to Tamla Lewis and a brief (Doc. 37) in support. Plaintiff filed a

response (Doc. 39) in opposition. Defendants concurrently filed a motion (Doc. 38) to expedite

consideration of their motion to quash. The motion to quash will be granted.

On March 8, 2019, Fryberger notified the University of Arkansas-Fayetteville that she

intended to depose nonparty Tamla Lewis ("Lewis"). Lewis served as Associate General Counsel

for the University of Arkansas at the time of the Title IX investigation involved in the complaint.

Fryberger argues that the Lewis deposition is proper because Lewis no longer works at the General

Counsel's office and Fryberger does not intend to ask Lewis questions that would implicate

privileged information. Rather, she intends to question Lewis on two topics: matters concerning

the Appeal Decision Letter and the accommodations procedures as described in the complaint.

(Doc. 39). The subpoena, and not the response to a motion to quash, sets the parameters of the

deposition. According to the subpoena, Lewis must bring to the deposition:

> All notes and memorand [sic] related to the drafting of a February 4, 2015 letter to
> Laura Dunn as advocate to Elizabeth Fryberger. All notes and or documents related
> [sic] to the disciplinary files of Raymond Higgs. All notes from any November or
> December 2014 meetings or telephone calls related to Elizabeth Fryberger in which
> you took part or during which you were present.

1

(Doc. 36-2, p. 1).  The University argues that the information Fryberger seeks to elicit from these documents is privileged information.  The Court agrees.

Fryberger's action is based in federal law, so common law governs a claim of privilege. Fed. R. Evid. 501.  An attorney cannot be compelled to disclose privileged matters related to his or her legal representation.  *See Upjohn Co. v. United States*, 449 U.S. 383, 389-90 (1981).  The attorney-client privilege protects against the disclosure of communications between an attorney and client which the client intends to be confidential.  *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1977).  For the attorney-client privilege to apply, these confidential communications must be made for the purpose of obtaining legal services from the attorney in his or her legal capacity.  *Id.* at 602.

> The attorney-client privilege is one that exists to enable a client to have subjective freedom of mind in committing his affairs to the knowledge of an attorney, whether the matter is one of consultation or of litigation . . . . The privilege thus is one that exists for the benefit of the client and not the attorney. But the attorney has the duty, upon any attempt to require him to testify or produce documents within the confidence, to make assertion of the privilege, not merely for the benefit of the client, but also as a matter of professional responsibility in preventing the policy of the law from being violated.

*Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (internal citations and quotations omitted).

Though Lewis no longer works at the General Counsel's office, she consulted with the University and advised it on matters central to this lawsuit.  The documents identified in Fryberger's subpoena were generated in connection with Lewis's legal representation of the University during the University's investigation.  The substance of notes and memoranda here was created for the purpose of communicating that content as legal advice to the University and is no less protected by the attorney-client privilege than the substance of the advice itself.  The University certainly intended this communication to be confidential.  The information sought by

Fryberger is therefore protected by the attorney-client privilege. The University, and not Lewis, holds the privilege, so Lewis may not be compelled to provide information on these matters unless the University waives that privilege. Given Defendants' present motion, it is clear no waiver is intended.

IT IS THEREFORE ORDERED that Defendants' emergency motion to quash (Doc. 36) is GRANTED and the subpoena at issue (Doc. 36-2) is QUASHED.

IT IS FURTHER ORDERED that Defendants' motion to expedite proceedings (Doc. 38) is DENIED as moot.

IT IS SO ORDERED this 26th day of March, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE